IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARD MITCHELL McCOLLUM, | § | |
| TDCJ-CID NO.1204174 | § | |
|         Petitioner, | § | |
| vs. | § | CIVIL ACTION H-07-1950 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|         Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Leonard Mitchell McCollum, a state inmate proceeding *pro se*, filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. For the reasons to follow, the Court will dismiss this petition as time-barred.

BACKGROUND

Petitioner reports that on August 19, 1991, he was arrested and charged with felony theft as a third offender in cause number 606224. While on bond, petitioner was arrested and charged with forgery/auto theft in cause number 610874. On September 30, 1991, upon a plea of guilty in both causes, he was convicted of felony theft as a third offender in cause number 606224 and forgery in cause number 610874. (Docket Entry No.2). Punishment for each conviction was assessed at ten years confinement in TDCJ-CID. (*Id.*). Petitioner did not appeal the convictions. Petitioner discharged the sentence in cause number 606224 on May 28, 2006.[1] (*Id.*). On November 10, 2006, petitioner filed a state habeas application challenging the conviction in cause number 606224. The state application was dismissed on January 31, 2007, because petitioner's sentence had been discharged. (*Id.*). Petitioner filed a second state application on February 28, 2007, which was

---

[1] Petitioner indicates in his response to the Court's Order of June 19, 2007, that his sentence in cause number 606224 expired on August 2, 2006. (Docket Entry No.7).

dismissed on May 9, 2007.  (*Id.*).

On November 11, 2003, petitioner was convicted of aggregate theft in cause number 964895 and of forgery of a commercial instrument in cause number 964896 in the 183rd Criminal District Court of Harris County, Texas.  (Docket Entry No.2, Part 3).  Petitioner did not appeal these convictions but sought state habeas relief on April 21, 2004.  (Telephone conversation with Deputy District Clerk of Harris County, Texas).  On December 1, 2004, the Texas Court of Criminal Appeals denied his state habeas applications without written order on the trial court's findings without a hearing. *See* Texas court websites.[2] Petitioner filed two more state habeas applications challenging his conviction in cause number 964895, on November 10, 2006, and January 24, 2007, but the Texas Court of Criminal Appeals dismissed both applications on January 31, 2007, and May 9, 2007, respectively.  *See* Texas court websites.[3] Petitioner further sought state habeas relief from his conviction in cause number 964896 on November 10, 2006, but the Texas Court of Criminal Appeals dismissed his application on January 31, 2007.  *See* Texas court website.[4]

In late May, 2007, petitioner filed this federal habeas petition on the following grounds:

1.    He was denied the meaningful assistance of counsel during the plea hearing in cause number 606224;

2.    His sentence in cause number 606224 was improperly enhanced by a 1989 conviction on two counts of theft in cause number 530117 in violation of the

---

[2]

www.cca.courts.state.tx.us/opinions/Case.asp?filingID=226906;
www.cca.courts.state.tx.us/opinions/Case.asp?filingID=2179184

[3]

www.cca.courts.state.tx.us/opinions/Case.asp?filingID=2275692;
www.cca.courts.state.tx.us/opinions/Case.asp?filingID=2287670

[4]

www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2275691

Double Jeopardy Clause;

3.      He entered an unknowing and involuntary plea in cause number 606224; and,

4.      His sentence in cause number 606224 is illegal because the State used a forgery conviction as an element in the offense.

(Docket Entry No.1).  Petitioner further claims that he is actually innocent of the two counts of theft in the 1989 conviction, which were used to elevate the 1991 conviction to a third degree felony. (Docket Entry No.2).

## DISCUSSION

Petitioner acknowledges that he is no longer in custody from his conviction in cause number 606224 but he implies that such conviction was used to enhance his sentences in cause numbers 964895 and 964896, for which he is presently confined.[5]  (Docket Entry No.7).  Moreover, petitioner maintains that his conviction in cause number 606224 is void because he was constructively denied the assistance of counsel at the bond and plea hearings.  (*Id.*).

"Federal district courts do not have jurisdiction to entertain [28 United States Code] section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks."  *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).  A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition

---

[5]

Petitioner indicates that his present 13 and ½ year sentences in cause numbers 964895 and 964896 were enhanced by the conviction in cause number 601874.  (Docket Entry No.7).  Petitioner claims he was sentenced by the same judge in the same court on the same day in cause number 601874 and 606224.  He maintains that in both causes, the state district judge appointed counsel only after petitioner accepted the plea bargain.  Petitioner further alleges because of the double jeopardy violation, cause number 606224 should have been a misdemeanor offense, which would have deprived the state district court of jurisdiction to adjudicate guilt.  (*Id.*).

3

is filed. *Maleng*, 490 U.S. at 491. "Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). A challenge to an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained "where there was a failure to appoint counsel in violation of the Sixth Amendment," is an exception to this general rule. *Id.* at 404. "As with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies. . . . When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Id.* at 404-05 (internal citations omitted).

Because petitioner is no longer in custody for his 1991 conviction, he cannot mount a habeas challenge directed solely at that conviction. *See Lackawanna*, 532 U.S. at 401-05; *Maleng*, 490 U.S. at 492. To the extent that petitioner's habeas petition can be read as asserting a challenge to the 2003 sentences in cause number 964895 and 964896 as enhanced by his 1991 conviction, which he claims was void due to the constructive denial of counsel, petitioner may be able to satisfy the "in custody" requirement of § 2254 under the limited exception set forth in *Lackawanna*. Review of his present federal habeas petition is still barred, however, because petitioner has failed to satisfy the procedural prerequisites for relief of the 2003 convictions.

4

Because petitioner challenges his state court convictions, the statute of limitations for federal habeas corpus review began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner was sentenced in cause numbers 964895 and 964896 on November 11, 2003.  (Docket Entry No.2).  Petitioner did not file a motion for new trial or a notice of appeal from either conviction.  Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's convictions became final for purposes of federal habeas corpus review thirty days after the day his sentences were imposed, on or about December 11, 2003.  *See* 28 U.S.C. § 2244(d)(1)(A).  That date triggered the one-year limitations period which expired on December 11, 2004.

Petitioner's first state applications in both causes were pending before the Texas Court of Criminal Appeals from April 24, 2004 until December 1, 2004, thus tolling the limitations period for filing the federal application for 224 days or until July 23, 2005.  A properly filed state writ application tolls the limitations period while the claim or judgment is pending in state court.  28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition).

Petitioner filed his other state habeas applications challenging both convictions in cause numbers 964895 and 964896 in 2006 and 2007, after limitations expired, and the Texas Court of Criminal Appeals dismissed the applications without considering their merits.  Because the state habeas applications in both causes were filed after limitations expired, the pendency of these applications did not toll the limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the

expiration of the limitations period).  Petitioner filed this federal habeas application in late May, 2007, years after limitations expired; therefore, petitioner's claims with respect to cause numbers 964895 and 964896 are untimely.

Petitioner, nevertheless, contends that he is entitled to equitable tolling of the limitations period because he is actually innocent of the charges in cause number 606224.  (Docket Entry No.7). Claims of actual innocence, however, do not support equitable tolling.  *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).  Moreover, petitioner has presented no proof to show that he is actually innocent of theft.

Petitioner also contends that TDCJ prevented him from filing a timely petition because TDCJ reported to the State Counsel for Offenders that petitioner's sentence in cause number 606224 was to expire on April 11, 2008.  (Docket Entry No.7).  Petitioner indicates that he learned in September, 2006, that the conviction had expired on August 2, 2006.  (*Id.*).  Such allegation does not serve to show that the State actively misled petitioner or prevented him in some extraordinary way from asserting his rights.  Instead, the record shows that petitioner failed to diligently pursue relief with respect to cause numbers 964895 and 964896 by timely filing his federal habeas petition.  "Equity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir.1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989)).

Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition.  *Id.* at 714.  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously.  *See* 28 U.S.C. § 2244(d)(1)(C), (D). For these reasons, petitioner is not entitled to equitable tolling under the AEDPA.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

<u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001.  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in the Opinion on Dismissal, a certificate of appealability will be denied.

<u>CONCLUSION</u>

Based on the foregoing, the Court ORDERS the following:

7

1.      Petitioner's habeas petition (Docket Entry No.1) is DISMISSED with prejudice
        as time-barred.

2.      A certificate of appealability is DENIED.

3.      All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas on whit 23rd day of July, 2007.


                                        MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE